IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONNIE WATSON                                                                        PLAINTIFF

       v.                                          CIVIL NO. 07-2044

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff Ronnie Watson brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on June 23, 2004, alleging an inability to work since June 23, 2004, due to back and leg pain and left eye blindness.[1] (Tr. 72). An administrative hearing was held on June 20, 2006. (Tr. 247-262). Plaintiff was present and represented by counsel.

By written decision dated August 10, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I,

---

[1] At the administrative hearing on June 20, 2006, plaintiff amended his alleged onset date to January 1, 2000. (Tr. 257).

AO72A
(Rev. 8/82)

Subpart P, Regulation No. 4. (Tr. 19). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform a light exertional work activity. (Tr. 22). Specifically, the ALJ found plaintiff could lift and/or carry twenty pounds occasionally, ten pounds frequently; could push and/or pull the same amounts; could stand and/or walk six hours in an eight hour work day;[2] could sit for six hours out of an eight-hour work day ; and could occasionally stoop and crouch. (Tr. 20). The ALJ further found plaintiff could not work a job that required excellent vision. The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing additional medical evidence submitted by plaintiff, the Appeals Council declined review making the ALJ's decision the final action of the Commissioner. (Tr. 5-8). Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs. (Doc. # 13, 14). This case is before the undersigned pursuant to the consent of the parties. (Doc. # 11).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

---

[2] We note in the body of the decision the ALJ found plaintiff could stand and/or walk for two hours out of an eight hour work day. (Tr. 18).

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only

if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

"If the claimant fails at any step, the ALJ need not continue. The claimant carries the burden of establishing that [he] is unable to perform [his] past relevant work, i.e., through step four, at which time the burden shifts to the Commissioner to establish that [he] maintains the residual functional capacity to perform a significant number of jobs within the national economy." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001)(*citing Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)).

Once plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that plaintiff has the RFC to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities. *Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2; *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997); *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted). "These rules are `predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs' and therefore `may not be fully applicable where the

nature of an individual's impairment does not result in such limitation, [for example] certain mental . . . impairments.'" *Foreman,* 122 F.3d at 26 (*quoting* 20 C.F.R. pt. 404, subpt. P, app. 2, §200.00(e)). Consequently, if the claimant is found to have nonexertional type impairments which diminish his capacity to perform the full range of jobs listed in the Grids, the Commissioner must solicit testimony from a vocational expert to establish that there are jobs in the national economy the claimant can perform. *Robinson,* 956 F.2d at 841; *Pearsall v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001) (citations omitted). Nonexertional impairments include those impairments which affect the mind, vision, hearing, speech, and use of the body to climb, balance, stoop, kneel, crouch, crawl, reach, handle, and use of the fingers for fine activities. *See* Social Security Ruling 83-10, 1983 WL 31251 at *6 (1983).[3]

In the present case, the ALJ found plaintiff could perform light work but would require a job that did not require excellent vision. The medical record clearly establishes plaintiff is blind in his left eye. (Tr. 217). However, instead of proposing a hypothetical question that encompassed his RFC finding to a vocational expert, the ALJ used the Grids to meet the Commissioner's burden that there was other work plaintiff could perform. Given the ALJ's acceptance that plaintiff does have left eye blindness, the ALJ should have posed a hypothetical question to the vocational expert which included this nonexertional impairment. The failure to do so constituted error warranting remand. *Doolittle v. Apfel,* 249 F.3d 810, 811-812 (8th Cir. 2001)(ALJ erred in not calling a vocational expert when the evidence established plaintiff had a loss of visual acuity).

---

[3]Social Security Rulings are final opinions and statements of policy of the Commissioner of Social Security, binding on all components of the Social Security Administration. 20 C.F.R. § 422.406(b)(1) (1995); *see also Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir. 1990).

5

We are also troubled by the ALJ's RFC determination. The ALJ is correct in stating that there is little to no medical evidence. However, the medical evidence clearly establishes plaintiff was diagnosed with post-laminectomy syndrome, also known as failed back syndrome, by both the consultative and treating physicians. (Tr. 221, 223). The ALJ discounted plaintiff's treating physician and in turn relied on a RFC assessment completed by a non-examining physician. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). The consultative examiner did not opine as to plaintiff's capabilities. In his opinion, the ALJ specifically noted that plaintiff's condition required "medical , as opposed to any further surgical, means to control." (Tr. 18). The medical evidence clearly establishes plaintiff had undergone two back surgeries noted to have been unsuccessful. (Tr. 223). The court is aware that the surgical records are not part of the record and were not performed during the relevant. However, those surgeries clearly have an impact on plaintiff's current alleged impairments and what options of treatment remain available to plaintiff.

While on remand, we believe the ALJ should more fully and fairly develop the record regarding plaintiff's alleged back impairment. The ALJ should direct interrogatories to plaintiff's treating/examining physicians– including Dr. W.R. Young--inquiring as to the exact physical limitations plaintiff experiences as a result of his impairments and the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). If further development of the record on the issue of plaintiff's RFC is necessary, the ALJ may also order a neurological consultative exam, in which, the consultative examiner should be asked to review the medical

evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

Finally, on remand, we suggest that the ALJ address plaintiff's allegations of the lack of finances to obtain treatment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of February 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE